UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No:

ALOYSHA YUDKIN,

    Plaintiff,

v.

DRIVE-IN BOATWASH MIAMI, LLC,
a Florida limited liability company.
DRIVE-IN BOATWASH FORT MYERS, LLC,
a Florida limited liability company,
B & D ENTERPRISES OF SOUTH
FLORIDA, LLC, a Florida limited
liability company, and GUILLERMO
A. GONZALEZ, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ALOYSHA YUDKIN (herein "Plaintiff"), by and through undersigned counsel, sues Defendants, DRIVE-IN BOATWASH MIAMI, LLC, a Florida limited liability company, DRIVE-IN BOATWASH FORT MYERS, LLC, a Florida limited liability company, B & D ENTERPRISES OF SOUTH FLORIDA, LLC, a Florida limited liability company, and GUILLERMO A. GONZALEZ, an individual, (herein collectively "Defendants"), and alleges:

### JURISDICTION AND VENUE

1.    Plaintiff was an employee of Defendants and brings this action for unpaid wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and an action for damages as a result of misclassification of an employee as an independent contractor pursuant to 26 U.S.C. § 7434.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because wages were earned and due to be paid in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

3. Venue is also proper in this District because Plaintiff resides here.

4. Plaintiff worked for Defendants at their boat washing businesses located in Miami and Fort Myers Miami, Florida.

5. This Court has original jurisdiction over Plaintiff's federal question claims.

## PARTIES

6. Plaintiff, ALOYSHA YUDKIN ("Yudkin") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material.

7. Yudkin was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

8. Defendant, DRIVE-IN BOATWASH MIAMI, LLC, a Florida limited liability company, Defendant, DRIVE-IN BOATWASH FORT MYERS, LLC, a Florida limited liability company, Defendant, B & D ENTERPRISES OF SOUTH FLORIDA, LLC, a Florida limited liability company, and Defendant, GUILLERMO A. GONZALEZ own and operate a business at which Plaintiff was employed.

## COVERAGE

9. During all material times, Defendant, DRIVE-IN BOATWASH MIAMI, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has/had employees engaged in commerce or

in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendant, DRIVE-IN BOATWASH FORT MYERS, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has/had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. During all material times, Defendant, B & D ENTERPRISES OF SOUTH FLORIDA, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has/had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. During all material times, Defendant, DRIVE-IN BOATWASH MIAMI, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. During all material times, Defendant, DRIVE-IN BOATWASH FORT MYERS, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. During all material times, Defendant, B & D ENTERPRISES OF SOUTH FLORIDA, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. During all material times, Defendants had two (2) or more employees.

16. Plaintiff was engaged in commerce under the FLSA because he directly participated in the actual movement of persons or things in interstate commerce by: (i) working for or on an instrumentality of interstate commerce, or (ii) by regularly using the instrumentalities of interstate commerce in his work.

17. Plaintiff worked for Defendants as an operator of Defendants' boat washing machinery and equipment.

18. Defendants' boat washing machinery and equipment was manufactured outside the State of Florida and was thereafter shipped to Florida for use.

19. The boats that Plaintiff washed were instrumentalities of interstate commerce.

20. During all material times, Defendant, DRIVE-IN BOATWASH MIAMI, LLC was an employer as defined by 29 U.S.C. § 203(d).

21. During all material times, Defendant, DRIVE-IN BOATWASH FORT MYERS, LLC was an employer as defined by 29 U.S.C. § 203(d).

22. During all material times, Defendant, B & D ENTERPRISES OF SOUTH FLORIDA, LLC was an employer as defined by 29 U.S.C. § 203(d).

23. During all material times, Defendant, GUILLERMO A. GONZALEZ was an employer as defined by 29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS**

24. Plaintiff worked for Defendants as an operator of Defendants' boat washing machinery and equipment from on or about May 1, 2017 through January 28, 2019.

25. Plaintiff was a non-exempt employee while working for Defendants during his employment period (the "Employment Period").

26. Plaintiff's duties included meeting with local inspectors to show how Defendants' boat washing machinery and equipment worked in order to obtain licensing for Defendants' boat washing business(es); promoting Defendants' boat washing machinery and equipment; operating, maintaining and repairing Defendants' boat washing machinery and equipment; and washing boats for customers.

27. Plaintiff regularly worked in excess of forty (40) hours per workweek every week that he worked for Defendants.

28. Plaintiff typically worked an average of between 44 hours per workweek to 79 hours per workweek.

29. However, Plaintiff was always paid only $500.00 per workweek regardless of the amount of overtime hours he worked.

30. During the Employment Period, Defendants failed to comply with the FLSA by failing to properly compensate Plaintiff for all of his work.

31. Consequently, Plaintiff received less than the minimum wage and overtime wages that he was due for his work hours.

32. Defendants misclassified as an independent contractor and paid him without regard to overtime hours worked when Plaintiff was actually a non-exempt employee of Defendants.

33. Because of the misclassification of Plaintiff as an independent contractor, Defendants willfully engaged in practices that denied Plaintiff the applicable overtime wage under the FLSA.

34. Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice of misclassifying Plaintiff as an independent contractor and forced Plaintiff to work overtime hours without overtime wage compensation.

35. As a result of these practices, Plaintiff was not properly compensated for all the hours he worked and is owed unpaid wages for regular and overtime hours worked during his Employment Period.

36. Plaintiff hired the undersigned law firm to pursue this action, and is obligated to pay them reasonable fees and costs if he prevails.

37. Defendants willfully and intentionally refused to pay Plaintiff wages as required by the FLSA as Defendants knew of the regular and overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.  Defendants remain owing Plaintiff wages for the time period specified above.

38. Defendants knew of and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA.  Defendants were aware, or should have been aware, that Plaintiff was not being properly compensated for all work hours, and specifically, Defendants were aware that Plaintiff was not being compensated overtime hours at a rate of time-and-one-half his regular rate of pay.

39. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)</u>

40. Plaintiff re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

42. Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum wage for his hours worked in excess of the maximum hours provided for in the FLSA.

43. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

44. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for damages to set forth the precise amount due him.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

49. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, jointly and severally:

    a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in an amount to be calculated;

    c. Awarding Plaintiff liquidated damages in an amount to be calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

50. Plaintiff re-alleges Paragraphs 1 through 39 as if fully set forth herein.

51. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

52. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid minimum wages.

53. Plaintiff received less than the minimum wage from Defendants for his work hours.

54. Defendants acted willfully in failing to pay Plaintiff the minimum wages owed.

55. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, jointly and severally for:

   a. judgment in his favor for all unpaid minimum wages due or payable;

   b. liquidated damages;

   c. attorneys' fees and costs pursuant to the FLSA;

   d. post-judgment interest; and

   e. all other and further relief this Court deems to be just and proper.

## COUNT III
## MISCLASSIFIED EMPLOYEE PURSUANT TO 26 U.S.C. § 7434

56. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein, and further alleges as follows:

57. Plaintiff was employed by Defendants from on or about May 1, 2017 through January 28, 2019.

58. Defendants had an obligation to provide correct information returns to the IRS and to Plaintiff.

59. Throughout his employment, Defendants improperly misclassified Plaintiff as an independent contractor.

60. Defendants served/filed and/or caused to be served/filed knowingly false annual tax returns for Plaintiff for the years Plaintiff worked for Defendants by purposely misclassifying Plaintiff as an independent contractor in each information return submitted.

61. Defendants knowingly misclassified Plaintiff as independent contractors so as to avoid having to pay FICA employment taxes as well as having to secure Florida worker compensation insurance.

62. Defendants served/filed and/or caused to be served/filed knowingly false annual tax returns for Plaintiff for 2017 and 2018 by purposely misclassifying Plaintiff as an independent contractor in the information returns submitted, and by not paying the required employment taxes on their behalf for those calendar years.

63. Defendants provided paychecks to Plaintiff and are directly responsible for the issuance of paychecks to them, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of its annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

64. At various times throughout Plaintiff's employment, and specifically on or about April 28, 2017, May 12, 2017, May 17, 2017, August 2, 2018, August 31, 2018, September 7, 2018, September 27, 2018, October 4, 2018, October 12, 2018 and November 2, 2018, Defendant, GUILLERMO A. GONZALEZ issued Plaintiff paychecks written on B & D ENTERPRISES OF SOUTH FLORIDA, LLC's checks.  For each of the aforementioned checks, Defendants did not withhold any monies for the payment of FICA and did not pay employment taxes on same.  Defendants knew or should have known that Plaintiff was an employee and not

an independent contractor, and Defendants intentionally paid Plaintiff as an independent contractor in order to avoid having to pay employment taxes.

65. Defendants knowingly submitted to the IRS tax forms for the years 2017 and 2018 on which they reported the "1099" income for Plaintiff when they knew or should have known that Plaintiff was not an independent contractor, but was an employee of Defendants.

66. Defendants acted willfully and with knowledge and intent to defraud while avoiding their tax responsibilities to their employee and to the IRS.

67. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns including the failure to include the wages paid to them in cash or check, the associated failure to receive the required contribution to their taxes by their employers, the lack of a contribution to social security from wages earned in relevant calendar years for the wages they received, and the like, as a result of Defendants' intentional and willful acts as described above.

68. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) **In general**

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) **Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

   **(1)** any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
   **(2)** the costs of the action, and
   **(3)** in the court's discretion, reasonable attorneys' fees.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants, after trial by jury as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendants for each year, or, the damages proximately caused by Defendants' conduct for 2017, 2018 and 2019;

b. That Plaintiff recover an award of reasonable attorney's fees, costs and expenses pursuant to 26 U.S.C. § 7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues so triable as of right by jury.

DATED: April 8, 2019

>/s/ Sundeep K. Mullick
Sundeep K. Mullick, Esq,.
Fla. Bar No.: 18175
sunny@kuvinlaw.com
Lowell J. Kuvin
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:    305.358.6800
*Attorneys for Plaintiff*